UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
FRIDA SCHLESINGER, :
    *Individually and on behalf of all others* :
    *similarly situated*, :
                     Plaintiff, :
                     : 18-cv-0226 (BMC)
        - against - :

JZANUS LTD. and JOHN DOES 1-25, :
                Defendants. :
----------------------------------------------------------- X
ARTHUR BELIN, :
             Plaintiff, :

        - against - :
                   : 17-cv-3648 (BMC)
JZANUS LTD., :
             Defendant. :
----------------------------------------------------------- X
VICTOR KIM, :
    *Individually and on behalf of all others* :
    *similarly situated*, :
    *also known as* Viktor Kim, :
               Plaintiff, : 18-cv-0897 (BMC)

        - against - :

JZANUS LTD. and JOHN DOES 1-25, :
              Defendants. :
----------------------------------------------------------- X
MIRIAM KLEIN, :
    *Individually and on behalf of all others* :
    *similarly situated*, :
              Plaintiff, :
        - against – : 17-cv-5163 (BMC)
JZANUS LTD., :
             Defendant. :
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

**COGAN,** District Judge.

Plaintiffs filed these suits on behalf of themselves (and in three of four cases, on behalf of plaintiff classes) against the same debt collector, Jzanus, Ltd., based on materially identical debt-collection letters. Plaintiffs bring similar claims alleging violations of § 1692g (and, through it, § 1692e) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. After the parties briefed a motion to dismiss in <u>Belin</u>, defendant Jzanus alerted the Court to the three other cases that were then pending. After giving the parties in the three other cases an opportunity to show cause why the motion to dismiss in <u>Belin</u> should not apply to all four cases and to supplement the papers on that motion (no party did), the Court administratively consolidated the cases and has considered the motion briefing as to all four cases.

As explained below, defendant's motions are granted.

## BACKGROUND

All four plaintiffs received materially identical debt-collection letters from defendant. In a table in the upper right-hand corner of each letter are five lines of text. The first line reads: "Client: _____." For plaintiff Belin, the "client" line lists The Brooklyn Hospital Center; for plaintiff Schlesinger, it lists Beth Israel Medical Center; for plaintiff Kim, it lists SUNY Downstate; and for plaintiff Klein, it lists NY Methodist Hospital. The second line of the table reads, "Patient Name: [plaintiff's name]." The third line contains an account number and the fourth line lists dates of service. The fifth line states: "Amount: [dollar amount]." The same table containing the same information is repeated again at the bottom of the letters, in a portion that could be detached and mailed back with payment. The body of each letter contains the following text:

Dear [plaintiff's name]:

Your account has been placed with us for collection or debt resolution. Please contact us regarding this matter.

If payment is made, please make your check or money order payable to [client name] (include your account number), or you may make a credit card payment by going to our website at www.payjzanus.com.[1]

Plaintiffs allege that the letters violate 15 U.S.C. § 1692g(a)(2), because they fail to state that the "client" is the creditor and therefore the least-sophisticated consumer would be confused as to the creditor's identity. For the same reasons, plaintiffs claim that the letters are deceptive and misleading and therefore violate § 1692e(10).

## DISCUSSION

To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The question before the Court is simple: did these letters adequately identify "the name of the creditor to whom the debt is owed" as required by 15 U.S.C. § 1692g(a)(2)? The Court concludes that they did, and therefore grants defendant's motions to dismiss.

"The FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors." Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002). In explaining the need for the FDCPA, Congress highlighted truly egregious collection practices, including the

---

[1] Plaintiff Kim's letter does not include this final clause ("or you may make a credit card payment by going to our website at www.payjzanus.com"). However, as explained below, the Court concludes that this clause in the other three letters does not contradict other statements in those letters identifying the creditor nor does it render those letters misleading under § 1692e, so the difference is immaterial.

"use of obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights," etc. Id. (internal quotations marks and citation omitted). Of course, even technical violations may be actionable if they would mislead the least sophisticated consumer. See generally Avila v. Riexinger & Assocs., LLC, 817 F.3d 72 (2d Cir. 2016).

To determine if a collection letter violates the FDCPA, courts examine the letter in its entirety. See, e.g., McStay v. I.C. Sys., Inc., 308 F.3d 188, 191 (2d Cir. 2002). A letter will violate § 1692g if it "fails to convey the required information 'clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.'" Id. at 190. Although generous, this standard does not compel courts to excuse strained, self-serving, or myopic of collection letters. The standard "protects the naive and the credulous," while "preserv[ing] the concept of reasonableness." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). The "hypothetical least sophisticated consumer . . . is neither irrational nor a dolt." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010). Indeed, the Second Circuit has noted that "courts should apply the standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" Easterling v. Collecto, Inc., 692 F.3d 229, 234 (2d Cir. 2012) (quoting Clomon, 988 F.2d at 1319).

Plaintiffs argue that the letters they received violate the FDCPA because, although the letters state the respective creditor's name, they do not sufficiently identify that entity as the creditor.

Reading defendant's letters as a whole compels the conclusion that the letters clearly and effectively identified the respective creditors. Although the letters do not explicitly identify the "client" as the creditor, several portions of the letters implicitly do so. Each letter, read as a

whole, makes clear that the debts relate to medical or hospital visits. The debtor's name is listed next to "Patient" and the "Date(s) of Service" presumably correspond with dates that each debtor received medical treatment. The account number is listed next to two other lines of information that clearly relate to medical services: "Patient Name" and "Client: [the name of a medical facility]." Surely even the least-sophisticated consumer would recognize the dates during which he or she was a patient at the listed medical facility and infer that the "Amount" is owed for the services he or she received there. It is hard to read these letters – the table in the top right-hand corner plus the text in the letters' body – and not conclude that each plaintiff owes money to a medical provider for medical services rendered.

As described above, the letters' body informed the debtors that "[y]our account has been placed with us for collection or debt resolution" and directs the debtors to "please make your check or money order payable to" the relevant medical provider. Given the rest of the letter, the allegedly missing step – an express statement that the account in the subject line is owed to the "client" – is unnecessary.

The FDCPA does not require debt collectors to spell out every term that a consumer can be reasonably expected to infer from the whole of a letter. Given the multiple explicit references to each medical-provider creditor and the abundant context clues, defendant has satisfied its obligation under § 1692g(a)(2) to provide the "name of the creditor to whom the debt is owed" in these letters. See also Taylor v. MRS BPO, LLC, No. 217CV01733, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) (finding no violation of § 1692g(a)(2) where the letter provided less context than here); Romano v. Schachter Portnoy, L.L.C., No. 17-CV-1014, 2017 WL 2804930, at *1 (E.D.N.Y. June 28, 2017) (same).

5

Plaintiffs point to a few cases from this district, including Beltrez v. Credit Collection Services, 14-cv-7303, 2015 U.S. Dist. LEXIS 160161 (E.D.NY. Nov. 25, 2015), and McGinty v. Professional Claims Bureau, Inc., No. 15CV4356, 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016), to support their argument that the letters are inadequate because they do not explicitly state that the debtors owe their debts to The Brooklyn Hospital Center, Beth Israel Medical Center, SUNY Downstate, and NY Methodist Hospital. The Beltrez letter is easily distinguished; it made only a single reference to the creditor in the subject line ("REGARDING: VERIZON") and, as described by the Beltrez Court, it lacked any of the other context that is present here, making it very different from defendant's letters.

The disputed letters in McGinty were closer to the letters at issue here – they listed the debtors' names as the "Patient Name" and included the "Service Date." But the McGinty letters only identified the creditor as "Re: [creditor name]," not as the debt collector's "client," and did not instruct the debtor to make payments directly to the creditor. Furthermore, as in Beltrez, the McGinty letters only mentioned the creditor's name in the subject line. The McGinty letters therefore also lacked the context that here makes clear that the medical-provider "client" is the creditor to whom the debt is owed.

Plaintiffs also argue that the letters misled them as to the creditor's identity because they instruct the debtors to make checks or money orders payable to the "client," but also include a detachable payment slip pre-addressed to defendant and provide a link to defendant's website where the debtor can make a payment. Plaintiffs argue that the least-sophisticated consumer would be confused about the creditor's identity because these letters direct the debtors to pay one entity but mail the payment to or through another.

As described above, the letters' full context makes clear that the listed "client" medical provider is the creditor and defendant is collecting the debt owed to that client. The first sentence of the letters' body states that the letter recipient's "account has been placed with us for collection." The "account number" and the associated "amount" are listed in the table with other information associating it with the medical visit (the "patient name," medical-provider "client," and the "dates of service"). The bottom of the letters' body contains the standard disclosure: "This is an attempt to collect a debt . . . ." Even the least-sophisticated consumer would realize that defendant, the letter's sender, is collecting the debt for medical services rendered on behalf of the creditor, a medical-services provider. In fact, the additional information about making the payment to the creditor but sending it to the debt collector arguably makes the relationship between the only two entities named in the letters clearer, not more ambiguous. Defendant's letters satisfy the requirement in § 1692g(a)(2).[2]

## CONCLUSION

Defendant's motions to dismiss – [13] in 17-cv-3648 and [12] in 18-cv-0226 – are GRANTED. Pursuant to the Order of consolidation, cases 18-cv-0897 and 17-cv-5163, are also dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: Brooklyn, New York
      May 24, 2018

U.S.D.J.

---

[2] Plaintiffs' second argument could also be interpreted as a claim based on § 1692e(10), but even if it were, the Court would conclude that letters are not misleading and do not violate that provision for the same reasons given above: the letters' full context makes clear the two entities' relationship. To the extent plaintiffs' complaints cite in passing other provisions of the FDCPA, the Court concludes that they do not apply here.

7